UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| ROBERT JAMES MORGAN, | ) | |
| # 596132, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:14-cv-300 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| WILLIE SMITH, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner seeks to overturn his plea-based convictions in Genesee County Circuit Court.  Petitioner's convictions stem from his participation in a criminal enterprise to invade a series of homes; commit larcenies; receive, possess and conceal stolen property; pawn valuables for money to buy drugs and other things; and related firearms offenses.  Petitioner is an habitual offender with at least four prior felony convictions.

On April 17, 2012, petitioner pleaded no contest to fifteen criminal charges.  On May 15, 2012, he was sentenced as follows:

- Count 1, conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1), 300 to 460 months;

- Counts 2, 7, 10, 12, 13, 14, second degree home invasion, Mich. Comp. Laws § 750.110a(3), 200 to 460 months;

- Counts 3 and 8, larceny of a firearm, habitual offender fourth, Mich. Comp. Laws § 750.357b, thirty to 120 months;

- Count 4, felon in possession of a firearm, habitual offender fourth, Mich. Comp. Laws § 750.224f, thirty to 120 months;

- Counts 5 and 9, felony firearm, Mich. Comp. Laws § 750.227b, two years in prison preceding and consecutive to all the other charges, with credit for 265 days served;

- Count 6, receiving and concealing a firearm, Mich. Comp. Laws § 750.535b, thirty to 120 months; and

- Counts 11 and 15, receiving and concealing stolen property between $1,000 and $20,000, Mich. Comp. Laws § 750.535(3)(a), thirty to 120 months.

(Sentencing Transcript (ST), 10-12, PageID.396-98; Judgment of Sentence Commitment to Department of Corrections, ECF No.9-11, PageID.470-71).

After unsuccessful attempts to overturn his plea based convictions in Michigan's courts, petitioner filed this petition.  He asks this Court to overturn his convictions on the following grounds:

I.   [The court] miscalculated [the] guidelines for sentence[.  T]he guidelines were not what I had agreed upon[.]

II.   [The] prosecutor was to remain silent[.  He] breached [the plea agreement] by [making] his [sentence] recommendation[. The plea agreement] stated [sentencing] was sup[posed] to be left up to [the] court.  He spoke [and provided the court] with [a] sentence recommendation[.]

III.   Ineffective [assistance of] counsel [because counsel] did not [provide proper representation.]  I filed [a motion] to substitute counsel and the court did not honor it[.  Counsel] lied to me [regarding the] plea[.]

IV.    [The court] did not honor [the] plea [agreement. I] pled for a
       *Killebrew* [plea][1] and didn't get it. [The] prosecutor lied to me[.]

(Petition at 6-10, ECF No. 1, PageID.6-10).

On October 13, 2014, respondent filed his answer to the petition.  Respondent
argues that the petition should be denied for lack of merit.  (Respondent's Answer at
22-35, ECF No. 8, PageID.62-75).

District Judge Robert Holmes Bell referred the matter to me for all purposes,
including the issuance of a report and recommendation, under 28 U.S.C. § 636(b)(1)(B)
and Rule 10 of the Rules Governing Section 2254 Cases in the District Courts.  After
review of the state-court record, I conclude petitioner has not established grounds for
federal habeas corpus relief.  Accordingly, I recommend that the petition be denied.

## Standard of Review

The Court's review of this petition is governed by the provisions of the
Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214
(AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  AEDPA "dictates a highly
deferential standard for evaluating state-court rulings which demands the state court
decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005)
(citations omitted).  "AEDPA requires heightened respect for state court factual and
legal determinations."  *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006).

---

[1]*See People v. Killebrew*, 330 N.W.2d 834 (Mich.1982).  A *Killebrew* sentence
agreement is binding between the parties, but if the judge rejects the sentencing
recommendation, the defendant has the right to withdraw the guilty plea and proceed
to trial.  *See Leatherman v. Palmer*, 387 F. App'x 533, 534 (6th Cir. 2010); *see also
Sweet v. Howes*, No. 1:11-cv-861, 2016 WL 4445370, at *1 n.1 (W.D. Mich. Aug. 24,
2016).

"State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an

-4-

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court.").  "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims."  *Id.*  (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined

by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference.  If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

## Proposed Findings of Fact

### A.    District Court Proceedings

Petitioner was charged with fifteen felonies.  The 67th District Court for Genesee County conducted a preliminary examination over the course of September 14, 21, and October 19, 2011.  (Preliminary Examination, PE I through PE IV, ECF No. 9-2 through 9-5).  On October 19, 2011, the district judge bound over petitioner for trial on all charges in Genesee Circuit Court. (PE 4 at 199-23, ECF No. 9-5, PageID.342-46)

**B.      Circuit  Court Proceedings**

Petitioner's trial was scheduled to begin on April 17, 2012.  On that date, he entered his no contest pleas.  (Plea Transcript (PT), ECF No. 9-7).  The prosecutor placed the plea agreement on the record:

> After extended negotiations . . . the People and the defendant have reached an agreement.  I'll place that agreement on the record.  Judge, the defendant has been charged with lots of different counts here, racketeering, two counts of home invasion first degree, larceny of a firearm, felon in possession, felony firearm, receiving and concealing stolen firearm.  Another count of larceny of a firearm, felony firearm, four counts of home invasion in the second degree and two counts of receiving stolen property between $1,000 and $20,000 dollars.  Your Honor, all totaled with a maximum guidelines on this charge would land him in prison somewhere between 117 and 320 months [] by my scoring of the guidelines.
>
> Judge, in exchange for his plea of no contest to all these charges, but for counts 2 and 7, being the (inaudible) home invasion in the second degree, so therefore there'd be no home invasion in the first degree anymore.  The defendant has agreed to plead guilty to all those charges, both charged and amended.  He also further acknowledges he–habitual offender fourth status.  He is to be sentenced mandatory–consecutively per the felony firearm statute.  Any restitution to be made shall be made at the order of the Court.  And your Honor, just so the record is clear, the defendant himself was given two options.  One was to acknowledge all the charges as they were charged with a sentence agreement of 120 months plus the felony firearm; thus render a flat 12 years.  Or to plead guilty to the charge as he's going to–or I'm sorry, no contest, to plead no contest to the charges as I've amended them.  Those guidelines fall between 84 and 280 months plus the felony firearm charges.  He acknowledges that the People will not be making a sentence agreement on that and his sentence will be at the discretion of the Court.  That is our full understanding of the agreement.

(PT, 3-4, PageID.359-60).  Petitioner's counsel stated on the record that it was also his full understanding of the plea agreement.  (PT, 5, PageID.361).

Petitioner was placed under oath.  (PT, 5, PageID.361).  He responded to the circuit judge's questions and acknowledged that he had been able to talk to his lawyer about his case and to explain to his attorney how he wanted to be represented.  His lawyer had advised him of his rights, possible trial strategies, his chances of prevailing at trial, and plea agreement options.  Petitioner stated that he understood his rights and that he had signed the advice of rights form.  Petitioner indicated that there were no terms in the plea agreement other than those discussed in court.  (PT, 5-20, PageID.361-76).  Petitioner pleaded no contest to conducting a criminal enterprise, second degree home invasions (counts 2, 7, 10, 12, and 13); larceny of a firearm (counts 3 and 8); felon in possession of a firearm (count 4); felony firearm (count 5); receiving and concealing a firearm (count 6); felony firearm (count 9); receiving and concealing stolen property valued at $1000 or more, but less than $20,000 dollars (counts 11 and 15); and larceny of a firearm (count 8).  (PT, 21-26, PageID.377-82).  Petitioner admitted his four previous felony convictions.  (PT, 28, PageID.384).  The circuit judge found that petitioner made a knowing and voluntary plea and found petitioner guilty on all the aforementioned counts.  (PT, 26, PageID.382).

On May 15, 2012, the circuit judge conducted a sentencing hearing.  (Sentencing Transcript (ST), ECF No. 9-8).  Petitioner admitted that there were no mistakes in the sentencing report and his attorney had no additions or corrections.   (ST, 3, PageID.389).  The prosecutor noted that petitioner had five prior felonies and seven prior misdemeanors.  He asked the court to impose a maximum sentence at the upper end of the guidelines between 99 and 320 months and a minimum sentence of 300

-8-

months.  (ST, 7, PageID.393).  Petitioner's counsel sought a sentence of 99 months at the low end of the sentencing guidelines.  (ST, 9, PageID.395).  The circuit judge sentenced petitioner as previously indicated.  (*See* ST, 10-12, PageID.396-98; Judgment of Sentence Commitment to Department of Corrections, ECF No. 9-11, PageID.470-71).

Petitioner's appellate counsel filed motions seeking resentencing or granting petitioner leave to withdraw his plea.  (ECF No. 9-1, PageID.90; ECF No. 9-11, PageID.474-78, 503-10).  On August 12, 2012, the circuit judge entered his opinion and order denying petitioner's motions.  (ECF No. 9-11, PageID.498-501).  The judge rejected petitioner's claim that he had a *Killebrew* plea agreement, noting that "it is clear to this Court that the Defendant and the Prosecutor entered into a plea without any sentencing agreement, that certain charges would be reduced, and that the sentencing would be at the discretion of the Court, and lastly, the Court could sentence the Defendant up to life in prison."  (*Id.* at PageID.500).  The judge found that petitioner had failed to cite to anything in the record "to support his argument that the prosecutor was required, under the plea agreement, to remain silent as to the sentence."  (*Id.* at 499).  The circuit judge concluded that petitioner had failed to show any breach in the plea agreement.  (*Id.* at 500).

The circuit judge rejected petitioner's claim of ineffective assistance of counsel during the plea hearing.  The plea agreement had been placed on the record. Petitioner "acknowledged at numerous times that he understood the deal and that he accepted it freely and voluntarily."  Petitioner's dissatisfaction with the sentence the

court imposed was not a basis for allowing him to withdraw his guilty plea.  (*Id.* at PageID.500-01).

## B.    Subsequent Proceedings

Petitioner filed a delayed application, through counsel, seeking leave to appeal to the Michigan Court of Appeals.  Petitioner sought relief on the following grounds:

1.    Is [Mr.] Morgan entitled to his choice of either being resentenced within the terms of the plea agreement or being allowed to withdraw his no contest pleas to all charges?

2.    Is Mr. Morgan entitled to re-sentencing because he had ineffective assistance of counsel at sentencing?

(Application for Leave to Appeal, Statement of Questions Presented, ECF No. 9-11, PageID.434).  On June 25, 2013, the Michigan Court of Appeals denied petitioner's delayed application for leave to appeal "for lack of merit in the grounds presented." (ECF No. 9-11, PageID.428).  On October 28, 2013, the Michigan Supreme Court denied petitioner's application for leave to appeal.  (ECF No. 9-12, PageID.514-19).

On March 24, 2014, petitioner filed his habeas corpus petition.  (ECF No. 1).

## Discussion

## I.    Sentencing Guidelines

In Ground I, petitioner argues that the court made a miscalculation in the guidelines, and that the guidelines were not what he had agreed upon.  (ECF No. 1, PageID.6).  "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' " *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). Federal habeas corpus relief does not lie for errors of state law. *Estelle v. McGuire*, 502

U.S. 62, 67 (1991).   Petitioner's claim of error in calculation of the sentencing guidelines is a state-law claim.  It does not provide a basis for habeas corpus relief.  *See See Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016); *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").

Michigan's courts found that there was no agreement with regard to petitioner's sentence.  Petitioner has not carried his burden of rebutting the presumption of correctness that attaches to the factual finding by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Michigan's courts rejected petitioner's claim for lack of merit. Petitioner has not addressed, much less carried his burden under 28 U.S.C. § 2254(d). I find that Ground I does not provide a basis for habeas corpus relief.

## II.   Breach of Plea Agreement by Making a Sentencing Recommendation

Ground II is petitioner's argument that the prosecutor breached the plea agreement by making a sentencing recommendation.  (ECF No. 1, PageID.7, ECF No. 1-1, PageID.26-27).  Michigan's courts found that there was no agreement with regard to petitioner's sentence, and that the prosecutor had never agreed to remain silent and refrain from making a sentencing recommendation.  Once again, the presumption of correctness that attaches to these factual findings has not been rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Michigan's courts rejected the argument for lack of merit.  Petitioner has not shown entitlement to relief under 28 U.S.C. § 2254(d).

-11-

### III.   Ineffective Assistance of Counsel

In Ground III, petitioner argues that his counsel was ineffective at sentencing (ECF No. 1, PageID.9; ECF No. 1-1, PageID.29). Michigan's courts rejected petitioner's claim lack of merit. Petitioner has not shown entitlement to relief under 28 U.S.C. § 2254(d).

Petitioner's statement of facts in support of Ground III includes two sentence fragments suggesting that he filed a motion for substitute counsel that the court "did not honor." (ECF No 1, PageID.9). Respondent considered these sentence fragments as raising a new, unexhausted, and meritless claim that should be denied. (Answer at 22-26, ECF No. 8, PageID.62-66). Petitioner did not file a response.

The preliminary examination transcript from 67th District Court indicates that petitioner sent something to the district judge suggesting that he wanted substitute counsel. The district judge made inquiries of petitioner and petitioner's counsel. The district judge noted that petitioner and his attorney had been in court a week earlier and were communicating. Petitioner indicated that he had no objection to his attorney continuing to represent him. (PE I at 7, ECF No. 9-2, PageID.98).

Petitioner did not file a motion in circuit court seeking substitute counsel. (ECF No. 9-1). He did not request substitute counsel at his arraignment. (ECF No. 9-6). He never asked for substitute counsel during his plea hearing. (ECF No. 9-7). In fact, petitioner stated under oath that he had discussed his rights and his plea bargain with his lawyer. Petitioner had been able to communicate with his lawyer about his case and how he wanted to be represented. Petitioner's attorney had advised him regarding

his right to trial, his chances at trial, various strategies that might be utilized, and possible plea bargains and sentences.  Petitioner told the circuit judge that he was not having any troubles with his attorney or difficulty understanding what was going on in the course of entering his no contest pleas.  (PT, 5-17, ECF No. 9-7, PageID.362-73). Before taking his plea, the circuit judge offered petitioner an opportunity to bring any matter or concern to the court's attention: "[I]f there's something else happening that's causing you to do this today we need to talk about it today.  Do you know about anything else, Mr. Morgan?"  Petitioner responded, "No, Your Honor."  (PT, 17, PageID.373).

I find that the circuit judge did not commit any error, much less an error of constitutional dimension, in failing to appoint substitute counsel where the issue was not brought to his attention.  Even assuming that the issue had been raised, petitioner's responses under oath establish that there was no factual or legal basis for granting such a request.  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

Petitioner's arguments lack merit.  Nothing in Ground III provides a basis for granting federal habeas corpus relief.

## IV.  *Killebrew* Plea

In Ground IV, petitioner argues that he had entered into a *Killebrew* plea agreement and that the agreement with regard to his sentence had not been honored. (ECF No. 1, PageID.10, ECF No. 1-1, PageID.27-29).  Michigan's courts found that

petitioner did not have a *Killebrew* agreement, and that there had been no agreement with regard to petitioner's sentence. The presumption of correctness that attaches to these factual findings has not been rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Michigan's courts rejected the argument for lack of merit. Petitioner has not shown entitlement to relief under 28 U.S.C. § 2254(d).

## V.    Certificate of Appealability

Should the Court deny the petition, it must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *See Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits

review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining petitioner's claims under the standard in *Slack*, reasonable jurists would not conclude this Court's assessment of petitioner's claims to be debatable or wrong. Accordingly, I recommend that the Court deny petitioner a certificate of appealability.

### Recommended Disposition

For the foregoing reasons, I recommend that the petition be denied.


Dated:  October 23, 2016                    /s/  Phillip J. Green
                                            United States Magistrate Judge



### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).